CHEHARDY, C.J.
On appeal, plaintiffs challenge the trial court's ruling sustaining Scottsdale Insurance Company's peremptory exception of prescription. After review, we reverse the judgment of the trial court.
Facts and Procedural History
On July 21, 2012, Michael Jones rear-ended the plaintiff, Carlos Russell, while both drivers were waiting to unload their dump trucks in Belle Chasse, Louisiana. That day, Michael Jones was in the course and scope of his employment with Riley & Carroll Properties ("R & C"), which is owned by Ernest Riley. After the accident, State National Insurance Company ("SNIC") paid Carlos Russell a total of $8,738.52 for property damage to his vehicle.
On July 12, 2013, plaintiff and his wife filed a claim for personal injury against Jones, R & C, and their liability insurer, SNIC. On July 21, 2014, plaintiffs filed a first supplemental and amending petition to name, as a defendant, his own uninsured/under-insured motorist coverage carrier, Progressive Paloverde Insurance Company. On January 8, 2015, plaintiffs filed a second supplemental and amending petition to name Ernest Riley, the owner of the trucking company, as a defendant. On or about June 11, 2015, plaintiffs confirmed a default judgment against Michael Jones, Ernest Riley, and R & C, jointly, severally, and in solido, for $154,255.72 plus interest from the date of the demand.
In the intervening time, counsel for SNIC reported to counsel for plaintiffs that SNIC had discovered that, at the time of the accident in question, Scottsdale Insurance Company carried general liability insurance coverage for Jones, Riley, and R & C. Based on this newly discovered information, plaintiffs, on March 7, 2017, sought and received leave to file a third supplemental and amending petition for damages to assert a claim against Scottsdale Insurance Company, as insurer for defendants, Jones, R & C, and Riley, on the date of the accident in question.
On June 2, 2017, Scottsdale filed a peremptory exception of prescription, arguing *1086 that the claim against it had prescribed because the petition naming it was filed more than one year after the default judgment against its insureds had been confirmed. To its exception, Scottsdale attached the petition and supplemental petitions and the default judgment of June 11, 2015. The plaintiffs opposed the exception on the basis that the two liability insurers were solidarily liable for the damages caused by their insureds. To their opposition, the plaintiffs attached a "Loss Run" document indicating that Scottsdale insured the defendants. Finally, Scottsdale filed a reply to the plaintiffs' opposition, to which it attached its "File Notes" regarding the July 21, 2012 incident in question.
After a hearing on July 26, 2017,[1] the trial court granted Scottsdale's exception finding:
The evidence admitted to this Court with regard to this matter does contain claim notes from a Scottsdale representative or adjustor that appears to this Court to show that the plaintiff did in fact have actual knowledge as[sic ] Scottsdale as an insurance company within days or at least a month of the date of this accident. Furthermore, a default judgment was taken against the tortfeasor and more than a year passed between that default judgment and the filing of suit against Scottsdale in March of 2017 for an action that occurred [in] 2012. Again, the Court is going to sustain the exception of prescription based on those reasons.
The plaintiffs are appealing that judgment. On appeal, plaintiffs have assigned four assignments of error: first, the trial court erred in failing to conclude that prescription was interrupted against Scottsdale because Scottsdale was solidarily liable with SNIC; second, the trial court erred in failing to conclude that plaintiffs' third amending petition related back to the original petition; third, the trial court erred in sustaining the exception of prescription based on the finding that plaintiffs had actual knowledge of Scottsdale within one year of the accident; and fourth, the trial court erred in concluding that the default judgment against some defendants more than a year before the filing of the third amending petition was a factor which mandated sustaining the exception of prescription.
This issue now before us is whether the plaintiffs' timely filed suit against SNIC served to interrupt prescription against Scottsdale, on the basis that the two insurance companies are solidarily liable for damages caused by their insureds. Scottsdale conversely argues that it is not solidarily liable with another insurer for the damaged caused by the insureds. For the reasons that follow, we find that the trial judge's ruling on Scottsdale's exception of prescription was premature.
Analysis
Liberative prescription is a mode of barring actions as a result of inaction for a period of time. La. C.C. art. 3447. The fundamental purpose of prescription statutes is to afford a defendant economic and psychological security if no claim is made timely and to protect the defendant from stale claims and from the loss or non-preservation of relevant proof. Giroir v. South Louisiana Medical Center , 475 So.2d 1040 (La. 1985).
Delictual actions are subject to a liberative prescriptive period of one year, which commences to run from the day injury or damage is sustained. La. C.C. art. 3492. Prescription is interrupted by the filing of suit in a court of competent jurisdiction and venue. La. C.C. art. 3462.
*1087 An interruption of prescription resulting from the filing of suit continues as long as the suit is pending. LSA-C.C. art. 3463. The effect of interruption of prescription, as contrasted with suspension of prescription, is that the time that has run prior to the interruption is not counted; prescription commences to run anew from the last day of the interruption. La. C.C. art. 3466.
When prescription is interrupted against a solidary obligor, the interruption is effective against all solidary obligors and their successors. La. C.C. art. 3503. While the allegation of solidary liability is pending, the exception of prescription remains premature. Etienne v. Nat'l Auto. Ins. Co. , 99-2610 (La. 4/25/00), 759 So.2d 51, 52-57.
A party urging an exception of prescription has the burden of proving facts to support the exception unless the petition is prescribed on its face. Cichirillo v. Avondale Indus., Inc. , 04-2894 (La. 11/29/05), 917 So.2d 424, 428. If prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. Campo v. Correa , 01-2707 (La. 6/21/02), 828 So.2d 502, 508.
When prescription is raised by peremptory exception, with evidence being introduced at the hearing on the exception, the trial court's findings of fact on the issue of prescription are subject to the manifest error-clearly wrong standard of review. Carter v. Haygood , 04-0646 (La. 1/19/05), 892 So.2d 1261, 1267. Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate courts finds that it is manifestly erroneous or clearly wrong. Smith v. Louisiana Dept. of Corrections, 93-1305 (La. 2/28/94), 633 So.2d 129, 132 ; Stobart v. State of Louisiana through Dept. of Transportation and Development , 617 So.2d 880, 882 (La. 1993) ; Rosell v. ESCO , 549 So.2d 840, 844 (La. 1989).
In order to reverse a fact finder's determination of fact, an appellate court must review the record in its entirety and (1) find that a reasonable factual basis does not exist for the finding, and (2) further determine that the record establishes that the fact finder is clearly wrong or manifestly erroneous. Id. The appellate court must not re-weigh the evidence or substitute its own factual findings because it would have decided the case differently. Id. ; Pinsonneault v. Merchants & Farmers Bank & Trust Co. , 01-2217 (La. 4/3/02), 816 So.2d 270, 278-79. Where there are two permissible views of the evidence, the fact finder's choice between them cannot be manifestly erroneous or clearly wrong. Id.
In this matter, our review of the entire record reveals that the trial judge erred in granting the exception of prescription while the plaintiffs' allegation of solidary liability between the two liability insurers is pending. Here, the plaintiffs contend that they have not been allowed sufficient discovery to bear their burden that this action has not prescribed, including but not limited to, determining which insurance company insured the tortfeasor and his employer on the date in question, any relationship between the two insurers, and other facts to support their claim that the insurance companies in question are, in fact, solidary obligors.
Under Etienne , supra , the exception of prescription remains premature while the allegation of solidary liability is pending. Accordingly, we vacate the trial court's ruling on Scottsdale's exception of prescription as premature and remand this matter for further proceedings consistent with this opinion.
VACATED AND REMANDED.

The trial judge memorialized this ruling in a written judgment signed on August 7, 2017.