KOVACH, PRO TEMPORE, J.
*819 This is a personal injury case arising out of a motor vehicle accident in which appellant/plaintiff, Rosa Lopez Cruz, appeals a trial court ruling allocating fault to appellee/defendant, Martha Creecy, but declining to award damages as a result of the accident.[1] For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On June 5, 2015, Ms. Cruz was driving her car eastbound in the 1900 block of Veterans Boulevard approaching the intersection of Veterans Boulevard and Williams Boulevard in Kenner when she was struck by a vehicle driven by Martha Creecy. Ms. Creecy was traveling westbound in the 2100 block of Veterans Boulevard approaching the intersection of Veterans Boulevard and Williams Boulevard. Both vehicles were attempting to turn onto Williams Boulevard from Veterans Boulevard at the time of the accident. Ms. Cruz testified that the impact was strong, but that the air bags did not deploy. After the incident both parties pulled their vehicles into a gas station parking lot at the intersection.
Ms. Cruz testified that she immediately vomited, then called police and requested an ambulance which responded within minutes. Ms. Cruz stated that she told the EMT that she was not feeling well, but was told to sit in her car until police arrived. A police officer, who came later, generated an accident report which did not assess fault. However, Ms. Cruz was arrested for driving without a license. She was handcuffed and taken to the police station where she remained for about 3 hours before a friend came to her aid and took her home. Ms. Cruz stated that having her hands handcuffed behind her back added to the neck, back and shoulder pain she was experiencing as a result of the accident. The pain was exacerbated by the fact that she had to lay on a concrete bench during her three hour jail confinement.
Ms. Cruz testified that she had no pain before the accident, but experienced bodily pain, stomach pain and vomiting after the accident. About a week later she went to the West Jefferson Medical Center complaining of stomach pain and vomiting, symptoms she attributed to the automobile accident. Subsequently she sought treatment at Jefferson Community Health Care Center. The health care center conducted diagnostic tests on the bowel, urine and blood. Ms. Cruz testified that she can no longer work as a housekeeper because the pain she experienced since the accident prevented her from stooping down or lifting anything heavy.
In her testimony, Ms. Creecy acknowledged that her vehicle hit Ms. Cruz's vehicle when they both attempted to turn onto Williams Boulevard from Veterans Boulevard. Ms. Creecy stated that she did not see Ms. Cruz's vehicle until the impact. After the incident, both vehicles pulled into the parking lot of a gas station on the *820 corner, and both women got out of their vehicles. Ms. Creecy stated that she saw Ms. Cruz get out of the car, and subsequently speak to police officers. Ms. Creecy testified that Ms. Cruz did not vomit at any time after the accident.
The trial court also heard testimony from Officer Casey Smith of the Kenner Police Department who investigated the accident. During his investigation he asked both drivers if they needed medical attention. Neither driver indicated that they were injured or needed medical attention or an ambulance. However, Officer Smith stated there was an ambulance on the scene, presumably summoned by one of the drivers. Since there were no injuries and neither driver received medical attention, the fact that an ambulance was at the scene is not noted in his accident report. Officer Smith did not assess fault in the accident, but did arrest Ms. Cruz for driving without a license. He stated that if Ms. Cruz had mentioned that she vomited after the accident, he would have ensured that she received medical treatment.
Medical records introduced into evidence show that Ms. Cruz went to West Jefferson Medical Center emergency department on June 12, 2015 complaining of chest wall pain from a seat belt, as well as, abdominal pain, headaches and nausea. She attributed her symptoms to an automobile accident a week before. Doctors conducted a CT scan of her head, pelvis and abdomen which resulted in normal findings. She was given a prescription for Compazine and released the same day.
The record also contains medical records from the Jefferson Community Health Care Center. Those records show that she went there on June 17, 2015, complaining of stomach inflammation, acid reflux and headaches. The treatment plan included additional testing, particularly for diabetes, and medication therapy that included ibuprofen and ranitidine HC.
Medical records from Van Wormer Pain Relief Clinic show that Ms. Cruz sought treatment on June 17, 2015 for "injuries she attributed to a motor vehicle accident." Ms. Cruz complained of severe muscle spasms and tenderness bilaterally in the cervical, thoracic, trapezius, and lumbar musculature. Dr. George Van Wormer, a chiropractor, found that Ms. Cruz's, "cervical range of motion was restricted and painful in all directions, and lumbar range of motion was restricted and painful in flexion and extension." X-rays showed that Ms. Cruz had congenital fusion of L1, L2 and L3. She was placed "on a conservative treatment program consisting of manual therapy and passive physical therapy, in the form of cryotherapy, and soft tissue stimulation, with an attempt to restore normal muscle tone, reduce muscle spasms and promote healing."
Dr. Van Wormer opined that, "(f)rom the evaluation of Ms. Lopez's (Ms. Cruz) history, subjective complaints and objective findings from the examination, it is evident from a medical viewpoint that the types of injuries to her neck, back, and extremities were caused from the type of incident the patient experienced on 06/05/15." Conservative, chiropractic treatment continued until November 5, 2015 when she was discharged.
At the close of the bench trial, the trial judge requested post-trial memoranda from both parties. On December 19, 2017, the trial judge ruled from the bench and gave reasons for judgment. The judge stated that he considered the testimony, photographic evidence, and location of damage to the vehicles, and ultimately found the "yield" sign at the intersection to be controlling in his determination that Ms. Creecy was at fault in the incident. However, the trial judge stated that Ms. Cruz *821 was "an extremely poor historian" and found that she did not carry her burden of proving causation and/or damages. Based on these findings, the trial court rendered judgment in favor of defendants and dismissed Ms. Cruz's suit with prejudice without awarding damages. Ms. Cruz filed a timely appeal from that judgment.
LAW AND ANALYSIS
Fault and liability in this motor vehicle accident are not issues in this appeal. The only issues presented for review relate to damages. The trial court found that Ms. Cruz did not prove that she incurred any injuries which were causally related to the accident. Ms. Cruz asserts she suffered injuries that were caused by the accident, and argues the trial court erred in failing to award damages after a finding that Ms. Creecy was at fault in the motor vehicle accident.
A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Ferrell v. Fireman's Fund Insurance Co., 94-1252 (La. 2/20/95), 650 So.2d 742 ; Russell v. Jones , 17-585 (La. App. 5 Cir. 3/12/18), 239 So.3d 1083, 1087. In order to reverse a factual determination by the trier of fact, the appellate court must review the record in its entirety and apply a two-part test. First, the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court. Second, the appellate court must further determine that the record establishes that the finding is clearly wrong or manifestly erroneous. Stobart v. State through Dept. of Transp. and Dev., 617 So.2d 880, 882 (La. 1993). On review, this Court must do more than simply review a record for some evidence which supports the trial court's finding; we must determine that the record, as a whole, establishes the trial court was justified in its conclusion. Royal Oldsmobile Co. v. Heisler Properties, L.L.C. , 12-608 (La. App. 5 Cir. 5/16/13), 119 So.3d 84, 94.
On appeal the issue to be resolved is not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Stobart, supra, 617 So.2d 880, 882. Even though an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Troxclair v. Liberty Pers. Ins. Co. , 17-520 (La. App. 5 Cir. 2/21/18), 239 So.3d 1067, 1069. Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Id.
In brief to this Court, Ms. Cruz assigns six errors in which she asserts that her credible testimony and the medical records were sufficient to prove causation and injury. Ms. Cruz argues the medical evidence presented from her treating physicians, proved the injury and causation, and that the treatment was medically necessary. She asserts that those showings were uncontroverted. She further asserts that she was healthy before the accident and should have been afforded the presumption in Housley,[2] and that there was no intervening accident to cause the injury.
To be entitled to recover damages, Ms. Cruz must prove by a preponderance of the evidence that (1) she sustained injuries and (2) her injuries were caused by the accident. Myers v. Broussard , 96-1634 (La. App. 3 Cir. 5/21/97), 696 So.2d 88, 95. In a personal injury suit, plaintiff bears the burden of proving a *822 causal relationship between the injury sustained and the accident which caused the injury. Maranto v. Goodyear Tire & Rubber Co., 94-2603 (La. 2/20/95), 650 So.2d 757, 759. Plaintiff must prove causation by a preponderance of the evidence. Id. The test for determining the causal relationship between the accident and subsequent injury is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. Id.
In order to prevail, Ms. Cruz must first prove that she sustained an injury as a result of the accident. Myers. supra 696 So.2d at 95. The evidence offered by Ms. Cruz to prove her injury consisted of her testimony and medical records. It is clear from the trial court's reasons for judgment that it questioned Ms. Cruz's credibility in light of conflicting testimony of the events surrounding the aftermath of the accident. Ms. Cruz testified that she vomited after the accident. She also testified that she told professional medical first responders that she had just been in an automobile accident, had suffered head injuries and vomited immediately after, yet they did not treat her. Rather, they told her to sit in her car and wait for police.
Specifically, the trial court noted that, although Ms. Cruz testified that she hit her head and vomited immediately after the accident, other testimony contradicted that assertion. Ms. Creecy testified that she was at the scene the entire time and did not see Ms. Cruz vomit. While there is evidence that an ambulance was on the scene, there is no testimony or evidence to corroborate Ms. Cruz's testimony that she declared or was treated for any injury. Further, there is no mention in the police report of any injuries, or of the presence of emergency medical professionals.
Ms. Creecy stated that she saw Ms. Cruz speak to paramedics, but did not hear the conversation. Officer Smith testified that he specifically asked both drivers if they were injured. Both drivers told him they were not injured. Officer Smith further testified that if Ms. Cruz told him she hit her head and vomited, he would have made certain that she received medical attention.
The medical evidence presented consisted of medical records of treatment from July 12, 2015 through November 5, 2015. Ms. Cruz's initial visit to the emergency room of West Jefferson Medical Center, about one week after the incident, shows that she complained of headaches, vomiting and abdominal pain. The only reference to causation is in the history given by Ms. Cruz, not in the diagnosis. Tests showed no objective findings, and she was sent home with medication for vomiting and/or headaches as need. The CT scan of the pelvis showed:
1. No sign of abdominal or pelvic injury.
2. Lumbosacral deformity most likely developmental. Correlation for prior surgery however would be helpful.
3. Mild cardiomegaly.
4. Moderate distention of the bladder.
The CT scan of the head showed, "(c)erebral parenchyma is normal without sign of acute infarction, hemorrhage, edema, or mass effect." The discharge instructions state, "Epigastric pain (uncertain cause) Headache, Unspecified."
Records from the Jefferson Community Health Care Center indicate that Ms. Cruz was referred to that facility by West Jefferson Medical Center with the initial complaints of headache and stomach inflammation. These records also indicate Ms. Cruz requested a test for diabetes. The diagnosis is "gastric ulcer", and an increased risk for diabetes.
*823 The final medical records are from the Van Wormer Pain Relief Clinic. Ms. Cruz first went to this clinic on June 17, 2015 and presented with new complaints including neck, back, arm, wrist, hand, finger, facial and hip pain, as well as vision and hearing problems, irritability, fatigue, dizziness, anxiety, confusion and depression. Those records indicate Ms. Cruz received chiropractic treatment consisting of manual therapy and passive physical therapy for about five months. In his report, Dr. Van Wormer stated that:
From the evaluation of Ms. Lopez's (Ms. Cruz) history, subjective complaints and objective findings from the examination, it is evident from a medical viewpoint that the types of injuries to her neck, back, and extremities were caused from the type of incident the patient experienced on 06/05/15. Ms. Lopez was discharged from our office on 11/05/15, and may still need future care if symptoms return.
None of Ms. Cruz's treating physicians testified at trial.
In his reasons for judgment, the trial judge called Ms. Cruz a "poor historian", and found her not to be a credible witness. He cited inconsistencies in the testimony and noted that in the first two hospital visits she only complained of headaches and stomach problems. However, a week later when she consulted a chiropractor, she had "a whole litany of new injuries that never existed at the time."
Upon review, we find a reasonable factual basis exists for the finding of the trial court. Further, we do not find that the trial court's factual finding is clearly wrong or manifestly erroneous. We do not find the trial court erred in its finding that Ms. Cruz's testimony was not credible and that she did not prove that she suffered an injury in the accident. We agree with the trial judge that Ms. Cruz's testimony, that she told EMTs she vomited and had a head injury and they did not treat her, is incredible and uncorroborated. We also find no abuse of discretion regarding the trial court's finding that the medical evidence did not support a finding that Ms. Cruz suffered an injury in the accident. Accordingly we find no abuse in the trial court's ruling that Ms. Cruz failed to meet her burden of proof that she suffered an injury in the accident.
The trial court also found Ms. Cruz did not meet her burden of proof of causation. Ms. Cruz argues that she was in good health before the incident and, therefore, is entitled to the presumption that the accident was the cause of her injury. In Housley v. Cerise , 579 So.2d 973, 980 (La. 1991), the Louisiana Supreme Court set forth a presumption of causation that aids a plaintiff in a personal injury case: the presumption is that the plaintiff's injury resulted from the accident. In order for a plaintiff to be entitled to the presumption of causation, he must prove three things: (1) that he was in good health prior to the accident at issue; (2) that subsequent to the accident, symptoms of the alleged injury appeared and continuously manifested themselves afterward; and (3) a reasonable possibility of causation between the accident and the claimed injury. Housley, supra ; Gober v. Walgreen La. Co. , 46,730 (La.App. 2 Cir. 11/2/11), 80 So.3d 9, 13, writ denied , 2011-2837 (La. 3/2/12), 84 So.3d 531. This presumption, known as the Housley presumption, is rebuttable. A defendant may defeat it by showing that an alleged injury could have been caused by some other particular incident rather than by the accident that the plaintiff claims was the cause of the injury. Maranto , 650 So.2d at 761.
Clearly, Housley relates to causation. Thus it is only applicable when it has first been established that there was an *824 injury. When as here, the trial court found the plaintiff did not suffer any injury, there is no need nor an inquiry into causation. See Kelly v. Lugo , 01-542 (La. App. 5 Cir. 11/27/01), 802 So.2d 952, 955. Thus, the Housley presumption, or any lack of an intervening cause, is inapplicable in the instant case.
For the reasons set forth herein, we find no merit in appellant's assignments of error and we affirm the trial court's judgment. Costs of this appeal are assessed to appellant.
AFFIRMED
I, respectfully, concur with the majority opinion in this matter in the result only. After review of the entire record, contrary to the majority opinion, I find the trial court was manifestly erroneous in finding Plaintiff/Appellant, Rosa Lopez Cruz, did not meet her burden of proving she sustained any injuries. However, I find that Ms. Cruz failed to prove her injuries were caused by the motor vehicle accident she had with Defendant/Appellee, Martha Creecy.
At trial, the parties stipulated to the admission of Ms. Cruz's medical records, documenting Ms. Cruz's treatments. That documentation included medical records from West Jefferson Medical Center and Van Wormer Healthcare Clinic. During Ms. Cruz's June 12, 2015 visit to West Jefferson Medical Center's Emergency Room, the doctor reported,
Associated injuries: The patient sustained injury to the head, epigastric area, right upper quadrant and left upper quadrant. The patient has not experienced similar symptoms in the past.
Subsequently, during her June 17, 2015 visit to Van Wormer Healthcare Clinic, the doctor reported that Ms. Cruz's chief complaints were headache, neck pain, bilateral shoulder pain, lower back pain, bilateral hip pain, left lower quadrant abdominal pain, chest wall pain, and left jaw pain. In Ms. Cruz's initial assessment by the doctor, the following injuries were listed: cervical spine strain; bilateral trapezius muscle spasm (left more than the right); lumbar spine strain; bilateral hip pain; left lower quadrant abdominal pain; chest wall contusion ; left ear tinnitus; left TMJ pain; and bilateral frontal headache. In the November 15, 2015 medical report from Van Wormer Healthcare Clinic, lordotic curvature was evident and congenital fusion was noted in the radiology impression. In the "Clinical Impression" of the report, the following injuries were listed: cervical radiculitis, lumbar radiculitis, cervical arthralgia, thoracic pain, lumbar arthralgia, cervical myalgia, thoracic myalgia, lumber myalgia, headaches, shoulder pain, left arm pain, left wrist pain, left hand pain, left finger pain, right hip pain, pelvic pain, chest pain, abdominal pain, vision problems, irritability, fatigue, dizziness, anxiety, depression, nausea, hearing problems, confusion, and facial pain. At the conclusion of the report, the doctor opined the following:
From the evaluation of [Ms. Cruz's] history, subjective complaints and objective findings from the examination, it is evident from a medical viewpoint that the types of injuries to her neck, back, and extremities were caused from the type of incident the patient experienced on 06/05/15. (Emphasis added).
In his oral reasons for judgment concerning Ms. Cruz's injuries, the trial judge found Ms. Cruz was not a credible witness due to inconsistencies in her testimony and a determination that she only complained of head and stomach problems at her first two visits. The trial judge then stated that *825 Ms. Cruz reported "a whole litany of new injuries that never existed" to the chiropractor a week later. As a result, the trial court found that Ms. Cruz failed to carry her burden of proving she sustained any injuries by a preponderance of the evidence.
In a suit for personal injury, the plaintiff bears the burden of proving, by a preponderance of the evidence, a causal relationship between the injury sustained and the accident which caused the injury. Clement v. Carbon , 13-827 (La. App. 5 Cir. 4/9/14), 153 So.3d 460, 464. As cited by the majority opinion, a plaintiff must first prove that she sustained injuries by a preponderance of the evidence in order to recover damages. Myers v. Broussard , 96-1634 (La. App. 3 Cir. 5/21/97), 696 So.2d 88, 95.
In this matter, I find that Ms. Cruz met her burden of proving by a preponderance of the evidence that she sustained injuries. The documentation from West Jefferson Medical Center's Emergency Room and Van Wormer Healthcare Center both reported similar injuries sustained by Ms. Cruz, even though the visits were a week a part; thus, the trial court erroneously found that Ms. Cruz only complained of head and stomach problems in the emergency room and had a new injuries at the time she visited the chiropractor. Additionally, although the trial court made a credibility determination regarding Ms. Cruz's testimony and decided not to accept her descriptions of her injuries, the record does not provide a basis for the trial court's disregard of the medical documentation accepted into evidence. The report from Van Wormer Healthcare Clinic specifically noted that objective findings from Ms. Cruz's examination were made in addition to Ms. Cruz's subjective complaints, which means that a doctor made an independent evaluation of Ms. Cruz's injuries. This medical documentation was uncontroverted at trial, and there was no other permissible view of the evidence for the trial court to consider. Therefore, I find the trial court was manifestly erroneous in determining Ms. Cruz failed to meet her burden of proving she sustained injuries.
However, I find that Ms. Cruz failed to meet her burden of proving a causal relationship between her injuries and the accident with Ms. Creecy. The test for determining the causal relationship between the injuries sustained and the accident is whether the plaintiff proved through medical testimony that it is more probable than not that the subsequent injuries were caused by the accident. Clement , supra . Even though Ms. Cruz presented medical documentation, she failed to present any medical testimony to prove that her injuries were caused by the accident. Thus, she failed to meet her burden of proof for causation and could not prove her damages.
For the foregoing reasons, I concur in the result of this appeal.

The original petition was filed in the First Parish Court for the Parish of Jefferson. The action was subsequently transferred to the Twenty-Fourth District Court for the Parish of Jefferson.

Housley v. Cerise , 579 So.2d 973 (La. 1991).