COUNSEL FOR PLAINTIFF/APPELLANT, CARLOS RUSSELL AND DESHANNON RUSSELL, Ron A. Austin, Harvey, Catherine H. Hilton, New Orleans, Lillian A. Williams
COUNSEL FOR DEFENDANT/APPELLEE, SCOTTSDALE INSURANCE COMPANY, Pablo Gonzalez, Jennifer R. Kretschmann
COUNSEL FOR DEFENDANT/APPELLEE, STATE NATIONAL INSURANCE COMPANY, Sean P. Mount
COUNSEL FOR DEFENDANT/APPELLEE, GULF INSURANCE AGENCY, LLC AND MELANIE BOUDREAUX MICHAEL, Douglas K. Williams, Alexandra E. Vozzella, Baton Rouge
Panel composed of Judges Fredericka Homberg Wicker, Marc E. Johnson, and Stephen J. Windhorst
WICKER, J.
This appeal, Russell II , is related to a companion case, Russell I , arising out of an alleged July 21, 2012 motor vehicle accident. On July 12, 2013, plaintiffs, Carlos and DeShannon Russell, filed suit against the defendant-driver, Michael Jones, Riley & Carroll Properties (R & C), defendant-driver's employer, and Ernest Riley, the owner of R & C, as well as R & C's alleged liability insurer, State National Insurance Company (SNIC) in the 24th Judicial District Court, docket number *763 728-857 ("Russell I") .[1] SNIC made payments initially but subsequently denied coverage and defense and filed no responsive pleadings on behalf of Mr. Jones, Mr. Riley, or R & C. At some point in time, counsel for SNIC reported to plaintiffs' counsel that "SNIC had discovered that, at the time of the accident in question, Scottsdale Insurance Company carried general liability insurance coverage for Jones, Riley, and R & C." See Carlos Russell and DeShannon Russell v. Michael G. Jones, et al. , 17-585 (La. App. 5 Cir. 3/12/18), 239 So.3d 1083, 1085. Based on this information, plaintiffs amended their petition to include Scottsdale Insurance Company as a named defendant.
On June 11, 2015, in Russell I , plaintiffs presented evidence and obtained a default judgment against defendants, Mr. Jones, Mr. Riley, and R & C, in the amount of $154,255.72. On May 5, 2016, SNIC filed a motion to set aside the default judgment, contending that the judgment was an absolute nullity because SNIC- who plaintiffs had identified as a responsible insurer, a named defendant, and an adverse party in the litigation-was never served with notice of the hearing on the motion to confirm the default judgment or of the default judgment as it purports is required under La. C.C.P. art. 1913.[2]
Thereafter, on October 28, 2016, plaintiffs filed a second suit against defendants SNIC and Scottsdale, as well as Mr. Riley's insurance broker Gulf South Insurance Agency and its agent Michelle Michael Boudreaux in the 24th Judicial District Court, docket number 766-067 ("Russell II "). In plaintiffs' petition in Russell II , they contended that Mr. Riley previously executed an Assignment of Rights, assigning to plaintiffs all claims, including bad faith claims, against Scottsdale, SNIC, Gulf South Insurance Agency, and Ms. Boudreaux related to the handling of the insurance claim arising from the July 21, 2012 accident.
In response, defendants filed an exception of no right of action, challenging the validity of the Assignment of Rights and asserting that plaintiffs had no right to bring claims against them on behalf of Mr. Riley and/or R & C. On August 30, 2017, following an August 22, 2017 contradictory hearing, the trial judge granted the exception of no right of action, declaring the Assignment of Rights an absolute nullity and dismissing plaintiffs' petition in Russell II with prejudice. The August 30, 2017 judgment is the judgment at issue in this appeal.
*764 Subsequently, on December 5, 2017, in Russell I , the trial judge granted SNIC's motion to set aside the default judgment and vacated the June 11, 2015 default judgment. Plaintiffs appealed that judgment to this Court and this Court dismissed the appeal for lack of appellate jurisdiction. See Russell v. Jones, et al. , 18-160 (La. App. 5 Cir. 11/14/18), --- So.3d ----, 2018 La. App. LEXIS 2294.
Since the dismissal of the appeal in Russell I , plaintiffs have filed in this Court a Motion to Dismiss the Appeal in Russell II , stating that because the underlying default judgment has been set aside, the Assignment of Rights arising out of the default judgment is not valid and the issue before the Court on appeal has become moot. In their motion to dismiss, plaintiffs request that this Court dismiss the pending appeal in Russell II . Accordingly, considering plaintiffs' Motion to Dismiss, we grant plaintiffs' motion and dismiss this appeal.
APPEAL DISMISSED

Plaintiffs also named their own UM carrier, Progressive Paloverde Insurance Company.

La. C.C.P. art. 1913 in part provides:
A. Except as otherwise provided by law, notice of the signing of a final judgment, including a partial final judgment under Article 1915, is required in all contested cases, and shall be mailed by the clerk of court to the counsel of record for each party, and to each party not represented by counsel.
B. Notice of the signing of a final default judgment against a defendant on whom citation was not served personally, or on whom citation was served through the secretary of state, and who filed no exception, answer, or other pleading, shall be served on the defendant by the sheriff, by either personal or domiciliary service, or in the case of a defendant originally served through the secretary of state, by service on the secretary of state.
C. Except when the service is required under Paragraph B of this Article, notice of the signing of a final default judgment shall be mailed by the clerk of court to the defendant at the address where personal service was obtained or to the last known address of the defendant.
D. The clerk shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of the judgment was mailed.