DONNA BROWN                    *        NO. 2019-C-0447

VERSUS                         *        COURT OF APPEAL

RALPH CHESSON, M.D.            *        FOURTH CIRCUIT

                               *        STATE OF LOUISIANA

                               *

                               *
                      * * * * * * *


<u>TFL</u>
**LOVE, J., DISSENTS AND ASSIGNS REASONS**

I respectfully dissent from the majority, as I find this case requires a remand based on procedural and legal error.

When ruling upon the exceptions, the trial court stated:

> I reviewed both the *Velasquez* case and the *Gettys versus Wong* case. Both of these are Fourth Circuit cases. Both of them are 2014 and they both say something different.
> The *Velasquez* case as counsel pointed out talks about the plaintiffs -- it says: Plaintiff's attempt to evade the service requirements by claiming Dr. Chesson is being sued individually is without merit. However, even assuming Plaintiff's argument has merit, service would still not be proper." So I understand the state's position.
> However, the Fourth Circuit also talked about in *Wong* and it's noted that the Civil District Court denied the exception. The hospital took this one up for supervisory writ. The Court of Appeal denied it but the Supreme Court -- and then the hospital applied for a Writ of Cert. The Supreme Court granted the writ and remanded it back to the Court of Appeal. So on the second consideration of this same issue, the Court of Appeal affirmed the denial saying that, number one, the hospital is the employer and is an indispensable party, but also that the service against the physician interrupted the prescriptive period for an action against the physician's employer. So you're both right. And I understand the Second Circuit, that's not binding on me.
>
>                    *          *          *
>
> These two are and so I am going to -- then I'm faced with what do I do, because I have one telling me

you're right and one telling me you're right. I believe that since service was effected on the doctor timely, I'm going to agree with the *Gettys versus Wong* case that the service interrupted prescription as to the employer and that the hospital, the state agency is an indispensable party in this matter. As you point out, counsel, any judgment against the doctor is going to be a judgment against the state. They're an indispensable party. And so I believe that this case, *Gettys versus Wong*, is going to allow the plaintiffs to amend and bring the -- or serve the state and bring them in, and so I'm going to overrule the exceptions. I understand both points and that's what I believe is the right thing to do in this case. I'm sure if that's not correct, you'll let me know or somebody will let me know.

By relying on *Gettys*[1] to deny **both** of Dr. Chesson's exceptions, the trial court conflated the issues of service, nonjoinder of a party, and prescription. Therefore, I find the trial court legally erred due to this conflation of issues. Particularly, the issue of prescription was premature while the claims of insufficient service and the trial court's notice of nonjoinder of a party were pending. *Cf. Russell v. Jones*, 17-585, p. 5 (La. App. 5 Cir. 3/12/18), 239 So. 3d 1083, 1087 ("the trial judge erred in granting the exception of prescription while the plaintiffs' allegation of solidary liability between the two liability insurers [was] pending."). Accordingly, I would vacate the judgment of the trial court and remand for further proceedings.

---

[1] *Gettys v. Wong*, 13-1138, pp. 6-7 (La. App. 4 Cir. 5/7/14), 145 So. 3d 460, 464 (denial of an exception of prescription filed by LSUHSC because "the claim against LSUHSC is solely derivative of the timely filed claim made against Dr. Wong.").